UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HARRIET FREEMON** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-4809** |
| **ALLSTATE INDEMNITY COMPANY** | * | **SECTION L** |

**ORDER & REASONS**

Before the Court is Defendant Allstate Indemnity Company's Motion for Summary Judgment. R. Doc. 10. No opposition was filed by the Plaintiff. Having considered the briefing and the applicable law, the Court rules as follows.

**I.	BACKGROUND**

This case arises out of alleged damage to Plaintiff Harriet Freemon's personal residence due to Hurricane Ida. R. Doc. 1 at 2. Freemon alleges that Hurricane Ida caused significant damage to its structure. *Id.* at 3. Freemon avers that her insurance policy (the "Policy") with Defendant Allstate Indemnity Company ("Allstate") allegedly covers the damage to her property. *Id.* at 2. Upon timely notification of loss, Allstate provided the Freemon with a Replacement Cost Value following its evaluation. *Id.* However, Freemon alleges that Allstate failed to timely and reasonably adjust and pay the evidenced loss. *Id.* at 5. In her complaint, Freemon alleges two causes of action: (1) breach of insurance contract; and (2) bad faith under La. Rev. Stat. § 22:1892 and La. Rev. Stat. § 22:1973. *Id.* at 6-9. Freemon contends that, as a result of these two causes of action, she has incurred seven forms of damages, including, but not limited to: attorney's fees, mental anguish, repair and remediation expenses, and diminution of property value. *Id.* at 6-7.

In its answer, Allstate generally denies the allegations set forth in the complaint. R. Doc. 8 at 1-6. In addition, Allstate asserts over thirty affirmative defenses, including, but not limited to:

unjust enrichment, failure to mitigate damages, insurance policy exclusions, and failure to submit satisfactory proof of loss. *Id.* at 6-13.

## II.  PRESENT MOTION

In its motion for summary judgment, Allstate argues that while it did issue a homeowner's policy to Freemon, the policy contains a Windstorm or Hail Exclusion. R. Doc. 10-1 at 1. Pursuant to this policy exclusion, Allstate argues that the damage caused to Freemon's property by Hurricane Ida is excluded from coverage under the Policy. *Id.* at 3. Allstate further argues that it is not liable for the damage because the Policy was issued with a reduction in premium because of the windstorm exclusion. *Id.* at 4. Accordingly, Allstate prays that this Court grant its motion for summary judgment in its favor. *Id.* at 6.

Freemon did not file an opposition.

## III.  APPLICABLE LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted). If the nonmovant fails to respond to the motion, a court may not "enter a 'default'

summary judgment" for the movant, however a court is permitted "to accept [movant's] evidence as undisputed." *Preston v. Hertz Corp.*, 2003 WL 22938921, at *1 (N.D. Tex. Nov. 26, 2003); *Thorn v. RaceTrac Petroleum Inc.*, 2022 WL 965095, at *1 (5th Cir. Mar. 30, 2022) ("After [plaintiff] failed to file a timely response, the district court was entitled to accept as undisputed the facts offered in support of [defendant's] summary-judgment motion.").

Louisiana law applies the general rules of contract interpretation to construe insurance policies. *Trinity Indus., Inc. v. Ins. Co. of N. Am.*, 916 F.2d 267, 269 (5th Cir. 1990). "The parties' intent, as reflected by the words of the policy, determine the extent of coverage." *Reynolds v. Select Properties, Ltd.*, 634 So.2d 1180, 1183 (La. 1994). "Words and phrases used in a policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." *Id.* Where the language in the policy is clear, unambiguous, and expressive of the intent of the parties, the agreement must be enforced as written. *Ledbetter v. Concord Gen. Corp.*, 665 So.2d 1166, 1169 (La. 1996). "The question of whether an insurance contract provision is clear, unambiguous, and enforceable is a question of law for the court to decide." *Pierce v. Allstate Ins. Co.*, 542 F. Supp. 2d 495, 498 (E.D. La. 2008).

### IV. DISCUSSION

The policy at issue in this case contains the following exclusion:

**Windstorm or Hail Exclusion-AP892-1**

For a reduction in premium:

**We** do not cover any loss to any property covered by this policy caused by or consisting of Windstorm or Hail. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

**We** do cover sudden and accidental direct physical loss caused by fire or explosion resulting from the Windstorm or Hail.

All other policy conditions and provisions apply.

R. Doc. 10-3 at 26.

The Court finds the instant matter similar to that discussed by another section of this Court in *Pierce v. Allstate Ins. Co.*, 542 F. Supp. 2d at 495. In that case, a homeowner alleged that an identical windstorm exclusion in his homeowner's policy did not exclude coverage for damage to his property due to Hurricane Katrina. *Id.* at 496-97. Judge Barbier, however, held that the windstorm endorsement was clear and unambiguous. *Id.* at 498. Accordingly, Judge Barbier found in favor of the defendant insurance company and held that coverage for the hurricane damage to the homeowner's property was excluded under the terms of the policy. *Id.* at 499.

Similarly, the Court now finds that this provision clearly and unambiguously applies to "any loss to any property covered by this policy by or consisting of Windstorm or Hail." It follows under Louisiana law that the policy must be enforced as written. *See Ledbetter*, 665 So. 2d at 1169. Further, Freemon did not file an opposition.

The Court, therefore, considers the following facts as undisputed. *See Thorn*, 2022 WL 965095. Freemon alleges that the damage to her property was caused by Hurricane Ida, which made landfall on August 29, 2021. Plaintiff alleges that she is entitled to recover for her losses sustained by Hurricane Ida pursuant to a homeowners policy issued to her by the Defendant. Defendant issued a homeowners policy to Plaintiff with a policy term covering the loss date of Hurricane Ida, however, this Policy contained the above-mentioned exclusion. Like the Court in *Pierce* which found that hurricane damage to the homeowner's property was excluded by the Policy terms, the Court presently finds that the Defendant has undoubtedly excluded coverage for damage by windstorm, which is the same damage complained of by Freemon. 542 F. Supp. 2d at 499.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Allstate Indemnity Company's Motion for Summary Judgment, R. Doc. 10, is **GRANTED**.

New Orleans, Louisiana this 16th day of January, 2024.

_____
United States District Judge